NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA DEL CARMEN LOPEZ-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 09-73862 <br><br> Agency No. A200-124-212 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 27, 2015[**]
Pasadena, California

Before: CANBY, WATFORD, and HURWITZ, Circuit Judges.

Sandra del Carmen Lopez-Gonzalez petitions for review of the dismissal by

the Board of Immigration Appeals ("BIA") of her appeal from the decision by an

Immigration Judge ("IJ") denying her applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, grant it in part, and remand for further proceedings.

1. Because Lopez-Gonzalez did not address her CAT claim in her opening brief, it is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). We therefore deny the petition insofar as it seeks review of the denial of the CAT application.

2. In dismissing the asylum and withholding of removal applications, the BIA simply concluded that Lopez-Gonzalez "failed to establish a nexus" to a "cognizable particular social group" because, "at a minimum," the social group in which she claimed membership lacked "the required 'particularity.'"

3. At the time it decided this case, the BIA did not have the benefit of this court's decisions in *Perdomo v. Holder*, 611 F.3d 662 (9th Cir. 2010), and *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), clarifying the particularity and social visibility required to find a social group cognizable for purposes of asylum and withholding of removal, or its own recent decisions on those requirements, *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). In *Perdomo*, we explained that "the size and breadth of a group alone does not preclude a group from qualifying as . . . a [particular] social group." 611 F.3d at 669. In *Henriquez-Rivas*, we held that social visibility requires only "that the shared characteristic generally be

2

recognizable by other members of the community," or that "members of the proposed group would be perceived as a group by society." 707 F.3d at 1088-89 (internal quotation marks omitted). We further held that there are multiple perspectives from which such visibility may be evaluated, including—and perhaps most importantly—that of the persecutor. *Id.* at 1089-90.

**4.** "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). In dismissing Lopez-Gonzalez's appeal, the BIA relied entirely on its rejection of her social group claim. Because *Perdomo*, *Henriquez-Rivas*, *Matter of M-E-V-G-*, and *Matter of W-G-R-* post-dated that dismissal, the BIA did not analyze the social group claim under the standards established in those cases. As we have done previously, *see, e.g.*, *Maldonado-Valle v. Holder*, 581 Fed. App'x 678 (9th Cir. 2014), we therefore remand to the BIA to "reconsider its determinations that the particular social group[] offered . . . [is] not cognizable under the INA," *Cordoba v. Holder*, 726 F.3d 1106, 1117 (9th Cir. 2013), and, after such reconsideration, to consider "any issues remaining in the case," *Andia*, 359 F.3d at 1184.

**PETITION DENIED IN PART, GRANTED IN PART, AND REMANDED IN PART.**

3